# In the United States Court of Federal Claims

No. 22-515
Filed: May 17, 2022
NOT FOR PUBLICATION[*]

| | |
|---|---|
| **MATT L. LOPER,** | |
| *Plaintiff*, | |
| v. | |
| **UNITED STATES,** | |
| *Defendant*. | |

**MEMORANDUM OPINION AND ORDER**

***HERTLING*, Judge**

The plaintiff, Matt Loper, acting *pro se*, alleges that he has been the victim of a cyber-attack, identity theft, data breach, security incident, and privacy violation by unnamed criminals. The Court lacks subject-matter jurisdiction to entertain the plaintiff's claims of criminal misconduct against private parties. Accordingly, the Court dismisses the plaintiff's claims without prejudice pursuant to Rule 12(h)(3) of the Rules of the Court of Federal Claims ("RCFC"). The plaintiff's pending motion to proceed *in forma pauperis* is also denied as moot.

**I.    BACKGROUND**[1]

The plaintiff filed this action on May 9, 2022. The plaintiff alleges that he has been the victim of "a cyber attack, identity theft, data breach, security incident, [and] privacy violation by criminals." (Compl. at 4.) The plaintiff alleges that unidentified criminals gained unauthorized access to his personally identifiable information and "manipulated [his] federated identity that is stored to reflect alpha numeric data to represent that [he is] involved with the criminal justice system, and the medical system," which he alleges is untrue. (*Id.* at 24.) The plaintiff asserts

---

[*] The plaintiff's complaint was filed under seal because it contains personally identifiable information on each page. This memorandum opinion omits all personally identifiable information and is therefore being filed publicly.

[1] This summary of the facts does not constitute findings of fact but is simply a recitation of the plaintiff's allegations.

that he is a soldier who meets military army enlistment qualifications and that the security breach violated the Servicemembers Civil Relief Act. (*Id.* at 18, 21.)

The plaintiff has appended to his complaint a letter he apparently received regarding the Equifax data breach affecting 147 million people in 2017.[2] (Compl. Attach. A.) The plaintiff has also attached a Status Report from the Department of Defense; the Report does not indicate that the plaintiff was ever on active duty. (Compl. Attach. C.) Additionally, the plaintiff has included the appraisals of four vehicles allegedly stolen from him. (Compl. Attach. D.)

The plaintiff requests $50,476,288.49 in damages. (Compl. at 8.) The plaintiff has also filed a motion to proceed *in forma pauperis*.

## II. STANDARD OF REVIEW

To determine whether subject-matter jurisdiction exists, a "court must accept as true all undisputed facts asserted in the plaintiff's complaint and draw all reasonable inferences in favor of the plaintiff." *Trusted Integration, Inc. v. United States*, 659 F.3d 1159, 1163 (Fed. Cir. 2011). The plaintiff has the burden of establishing jurisdiction by a preponderance of the evidence. *Id.* If the court lacks subject-matter jurisdiction over the plaintiff's claim, RCFC 12(h)(3) requires dismissal of the claim.

The plaintiff is proceeding *pro se*. As a result, his pleadings are entitled to a more liberal construction than the Court would give to pleadings prepared by a lawyer. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Giving a *pro se* litigant's pleadings a liberal interpretation and construction does not divest the *pro se* plaintiff of the responsibility of having to demonstrate that he has satisfied the jurisdictional requirements that limit the types of claims the Court of Federal Claims may entertain. *See Kelley v. Sec'y, U.S. Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987).

In construing a *pro se* litigant's pleadings liberally, the court does not become an advocate for that litigant. Rather, the court ensures that the *pro se* litigant's pleadings are construed in a manner that gives the litigant every opportunity to make out a claim for relief.

## III. JURISDICTION

In his complaint, the plaintiff alleges that the "[p]laintiff has federal jurisdiction, and has federal power by self. United States Court of Federal Claims has equal federal power with the Plaintiff." (Compl. at 2.)

The Federal Circuit has held, however, that the "[m]ere recitation of a basis for jurisdiction, by either a party or a court, cannot be controlling: federal courts are of limited

---

[2] The Federal Trade Commission reached a settlement with Equifax to provide relief to people affected by the data breach: https://www.ftc.gov/enforcement/refunds/equifax-data-breach-settlement (last visited May 10, 2022).

2

jurisdiction, and may not alter the scope of either their own or another courts' statutory mandate." *Williams v. Sec'y of the Navy*, 787 F.2d 552, 557 (Fed. Cir. 1986) (internal citation omitted).  The plaintiff therefore does not satisfy his burden of establishing subject-matter jurisdiction merely by asserting that the Court has jurisdiction.

The Tucker Act delimits the court's subject-matter jurisdiction:

> The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

28 U.S.C. § 1491(a)(1).

The plaintiff's claims, therefore, must meet two distinct requirements for the Court of Federal Claims to exercise subject-matter jurisdiction pursuant to the Tucker Act: (1) his claims must designate the United States as defendant; and (2) his claims must arise under a separate, money-mandating source of substantive law providing the court with jurisdiction.  If the Court of Federal Claims lacks subject-matter jurisdiction in a case, it may transfer the case to a court with jurisdiction if a transfer would be in the interest of justice.

### A.     United States as Defendant

The plaintiff alleges that "federal criminals" are responsible for the plaintiff's financial loss.  (Compl. at 17, 24, 26.)  The plaintiff writes that these "criminals" are the defendants.  (*Id.* at 1, 2) (capitalization omitted).  The Court of Federal Claims, however, has jurisdiction only over claims against the United States or the federal government.  28 U.S.C. § 1491(a)(1) ("The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim *against the United States* . . . ." (Emphasis added))*; see United States v. Sherwood*, 312 U.S. 584, 588 (1941).

The plaintiff does not allege that the United States, the federal government, or any federal agency or employee has caused his injury.  Rather, he asserts that his losses were caused by unknown, third-party criminals.  He calls the criminals "federal" but does not explain how these unidentified criminals are connected to the federal government.  Accordingly, his claims fall outside of the limited jurisdiction of the Court of Federal Claims under the Tucker Act.

### B.     Money-Mandating Source of Substantive Law

The Supreme Court has held that the "Tucker Act, of course, is itself only a jurisdictional statute; it does not create any substantive right enforceable against the United States for money damages." *United States v. Testan*, 424 U.S. 392, 398 (1976).  Rather, the plaintiff must identify an applicable substantive right in a separate, money-mandating source of law.  *See Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005).

Additionally, a court must "look to the *true nature* of the action in determining jurisdiction at the outset." *Hartfordshire Fire Ins. Co. v. United States*, 544 F.3d 1289, 1293 (Fed. Cir. 2008) (emphasis added). In other words, the plaintiff's claims must correspond to the substantive, money-mandating source of law providing the Court of Federal Claims with subject-matter jurisdiction.

The plaintiff alleges that he has a "contract based on financial obligations, and financial transactions for financial loss compensation pursuant to the service member civil relief act." (Compl. at 3.)

The Court of Federal Claims has jurisdiction over claims arising from a contract with the United States. *See Hercules, Inc. v. United States*, 516 U.S. 417, 423 (1996). Although the plaintiff alleges a claim based on a contract, he provides no information about the contract, except to connect it to the Servicemembers Civil Relief Act. Furthermore, he makes no allegation regarding a breach of any contract by the United States; instead, he alleges wrongdoing only by unidentified individuals not associated with the federal government or its agencies. In the absence of any allegation that would allow the Court to determine whether the plaintiff had a contract with the United States or any of its agencies, the complaint does not assert a basis for jurisdiction in the Court of Federal Claims.

The Court of Federal Claims also has jurisdiction over some claims arising under the Servicemembers Civil Relief Act, namely in military-pay cases against the United States. *See* 50 U.S.C. § 3911(5), 3912(b) (providing that any court of the United States has jurisdiction over claims arising under the Servicemembers Civil Relief Act); *e.g.*, *Cronin v. United States*, 765 F.3d 1331 (Fed. Cir. 2014) (holding that the Court of Federal Claims had jurisdiction over some claims arising under the Servicemembers Civil Relief Act). As previously discussed, however, the plaintiff's claim is not against the United States or the federal government.

Moreover, the "true nature" of the plaintiff's action does not implicate a contract with the United States or the Servicemembers Civil Relief Act. *Hartfordshire Fire Ins.*, 544 F.3d at 1293. The Servicemembers Civil Relief Act does not apply to criminal actions, such as those that form the basis of the plaintiff's claims. *See* 50 U.S.C. § 3912(b).

The plaintiff complains only of criminal misconduct. For example, the plaintiff alleges: "On July 29, 2017, and several other occasions, the discovery that *criminals* personally gained unauthorized access to personally identifiable information identifier files [occurred]." (Compl. at 5) (emphasis added).[3] The plaintiff alleges that he has "sufficient proof . . . that there were in fact *criminals* involved." (*Id.* at 16) (emphasis added). The plaintiff asserts that those "federal *criminals* have unlawfully gained unauthorized access to federal audio, video, pictures, . . . to

---

[3] The date July 29, 2017, corresponds to the date Equifax discovered the data breach, according to the letter the plaintiff allegedly received. (Compl. Attach. A.)

deliberately destroy, damage, and obstruct [the plaintiff's] personal identity . . . ." (*Id.* at 26) (emphasis added).

The Federal Circuit has held that the Court of Federal Claims lacks subject-matter jurisdiction to hear claims of criminal misconduct.  *See Joshua v. United States*, 17 F.3d 378, 379 (Fed. Cir. 1994).  The Court therefore lacks jurisdiction to entertain the plaintiff's claims.  The plaintiff has not alleged that he had a contract with the United States, and the plaintiff's citation to the Servicemembers Civil Relief Act is unavailing because his claims are unrelated to that law.

In sum, the plaintiff has not demonstrated by a preponderance of the evidence that jurisdiction over his claims exists.  The plaintiff's claims fall outside the jurisdiction established by the Tucker Act: the plaintiff does not assert his claims against the United States, and he has not identified a substantive, money-mandating source of law applicable to his claims.  Accordingly, RCFC 12(h)(3) requires dismissal of the plaintiff's claims.

### C. Transfer

When a court lacks subject-matter jurisdiction, the court shall transfer the case to another court with jurisdiction "if it is in the interest of justice."  28 U.S.C. § 1631.  "The phrase 'if it is in the interest of justice' relates to claims which are nonfrivolous and as such should be decided on the merits."  *Galloway Farms, Inc. v. United States*, 834 F.2d 998, 1000 (Fed. Cir. 1987) (quoting 28 U.S.C. § 1631).  Frivolous claims include those that are "clearly baseless," "fanciful," "fantastic," and "delusional."  *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992).

The plaintiff's claims are frivolous.  They lack legal and factual support and appear fanciful.  Accordingly, it is not "in the interest of justice" to transfer the action to another court.  28 U.S.C. § 1631.

### IV. MOTION TO PROCEED *IN FORMA PAUPERIS*

The plaintiff has filed a motion to proceed *in forma pauperis*.  Pursuant to the statute governing proceedings *in forma pauperis*, the court must dismiss a case if it determines at any time that the action is frivolous, regardless of whether any filing fee has been paid.  28 U.S.C. § 1915(e)(2)(B)(i).  Having determined that the plaintiff's claims are frivolous, the Court dismisses the case and denies the plaintiff's motion to proceed *in forma pauperis* as moot.

## V.    CONCLUSION

The Court lacks subject-matter jurisdiction over the plaintiff's claims that he experienced financial loss due to a cyber-attack and identity theft by unidentified individuals.  Pursuant to RCFC 12(h)(3), the plaintiff's complaint is **DISMISSED** without prejudice.  The plaintiff's pending motion to proceed *in forma pauperis* is **DENIED** as moot.  In addition, the Court certifies that any appeal from this decision would not be taken in good faith.  *See* 28 U.S.C. § 1915(a)(3).

The Clerk of Court is **DIRECTED** to enter judgment accordingly.  No costs are awarded.

It is so **ORDERED**.

s/ Richard A. Hertling
**Richard A. Hertling**
**Judge**